**Yussuf KAMANA, Petitioner,**

v.

**Peter D. KEISLER, Acting Attorney General [1], Respondent.**

**No. 07–0172–ag.**

United States Court of Appeals, Second Circuit.

Oct. 15, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Ronald S. Salomon, New York, NY, for Petitioner.

Peter D. Keisler, Acting Attorney General, former Assistant Attorney General, Civil Division; Lisa Arnold, Senior Litigation Counsel; Daniel E. Goldman, Trial Attorney; Shabana Stationwala, Of Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. CHESTER J. STRAUB, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Yussuf Kamana, allegedly a native and citizen of Burundi, seeks review of a December 19, 2006, order of the BIA affirming the November 23, 2004, decision of Immigration Judge ("IJ") Brigitte LaForest denying Kamana's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yussuf Kamana,* No. A78 229 199 (B.I.A. Dec. 19, 2006), *aff'g* No. A78 229 199 (Immig. Ct. N.Y. City Nov. 23, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's decision and emphasizes particular aspects of it, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005); *Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. I.N.S.,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. I.N.S.,* 359 F.3d 121, 129 (2d Cir.2004).

We conclude that substantial evidence supports the IJ's conclusion that Kamana was not credible and that he failed to establish the threshold element of his claim for relief—his Burundian identity. The IJ reasonably found Kamana's inability to speak Kirundi, the native language of Burundi, inconsistent with his claim of Burundian nationality. While Kamana attributed his inability to speak Kirundi to having lived in isolation with his father, the IJ refused to credit that explanation, finding it inconsistent with his testimony that his Tutsi neighbors may have reported him to the military, that he attended Koranic school for six years, and that he had lived in Bujumbura, Burundi's capital. Furthermore, the IJ noted that while Kamana testified that the only language he spoke was French, the interpreters at his hearings expressed difficulty in understanding his French. Moreover, the IJ noted that Kamana's asylum interview was conducted through a Swahili interpreter. While Kamana asserted that he did not speak Swahili, and that the interview had been conducted in French, "sufficiently accurate" records from the asylum interview indicate to the contrary. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004). Accordingly, the IJ properly refused to credit his explanation for why he spoke only French and not Kurundi. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir. 2005).

Noting her additional concerns that Kamana did not know that Christianity was the main religion in Burundi and not Islam, as he testified, and that the forensics examiner had been unable to confirm the authenticity of his Burundian identity card, the IJ reasonably concluded that Kamana was not credible and that he had failed to establish his identity and country of origin.

The inconsistencies identified by the IJ go to the heart of Kamana's claims of persecution, because they cast doubt on the most basic aspect of his claim—that he was of Burundian nationality and feared persecution at the hands of the ruling Tutsi ethnic group. *See Secaida–Rosales,* 331 F.3d at 308 (distinguishing substantial from minor inconsistencies). An asylum applicant's nationality is a threshold question in determining his eligibility for asylum, *see Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir.2006); *Dhoumo v. BIA,* 416 F.3d 172, 174 (2d Cir.2005), and it is his burden to establish such eligibility, *see* 8 C.F.R. § 208.13(a); *Osorio v. I.N.S.,* 18 F.3d 1017, 1021–22 (2d Cir.1994). In light of the inconsistencies identified above, the IJ did not err in finding that the unverified identity card merited little weight in establishing the issue of Kamana's nationality. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ). Kamana's inability to establish the threshold issue of his Burundi nationality, moreover, was fatal to his claims for relief. *See Dhoumo,* 416 F.3d at 174.

Because the only evidence of a threat to Kamana's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. I.N.S.,* 344 F.3d 272, 275 (2d Cir. 2003). Likewise, Kamana's claim for CAT relief, which was based on the same factual predicate, also fails. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.